**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SHAWN BECWAR, DANIEL STARR,
MICHAEL WAGNER, THOMAS JULIUS,
JAMES SCOTT CIPRI,

        Plaintiffs,

-vs-                                      Case No. 6:08-cv-719-Orl-22DAB

ASHTON ORLANDO RESIDENTIAL,
LLC,

        Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO CONSOLIDATE CASES FOR THE PURPOSE OF EFFECTUATING SETTLEMENT (Doc. No. 45)** |
| **FILED:** | February 9, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. | |
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 48)** |
| **FILED:** | February 20, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on February 25, 2009 with counsel for both parties present.

Based on their Responses to Court Interrogatories (Doc. No. 25), Plaintiffs were employed by Defendants as superintendents on residential home projects. The extent of the five Plaintiffs' status as exempt employees was much disputed by both sides. Plaintiffs sought unpaid wages for the alleged overtime hours[1] listed in the chart below. Plaintiffs have accepted settlements as listed in the chart.

---

[1] Plaintiffs chose not to allege the dollar amount for overtime sought until receipt of Ashton's records.

|  | Overtime hours alleged | Settlement |
|---|---|---|
| Shawn Becwar | 21.5 | $6,452.42 |
| Scott Cipri | 15.0 | $9,281.51 |
| Thomas Julius | 31.5 | $7,369.01 |
| Daniel Starr | 15.0 | $3,355.03 |
| Michael Wagner | 25.0 | $2,630.77 |
|  |  | $29,088.74 |

In a companion case, *Collins v. Ashton Orlando Residential, LLC*, 07-cv-1825-22DAB, the plaintiff-superintendent conceded that he was not entitled to liquidated damages because Defendants had acted on advice of counsel in defining Plaintiff's superintendent position as exempt. Plaintiffs here, represented by the same counsel, would be hard-pressed to argue to the contrary in this case. Counsel represented that, after reviewing Ashton's time and payroll records, in his opinion the amount offered by Ashton represented a reasonable compromise of Plaintiffs' overtime claims based on the likelihood of success on the merits. Doc. No. 48 at 3-4. Plaintiff's counsel also represented at the hearing that compromise was based on legal and factual issues involving the characterization of the allegedly "manual" labor and/or job duties as performed by the Plaintiffs.

The parties have agreed that Defendant will pay Plaintiff's attorneys $7,195 in attorney's fees and costs. Plaintiff's counsel litigated the matter from April 2006 to settlement in February 2009, during which the standard FLSA discovery and a settlement conference occurred. Counsel has filed an affidavit and billing records reporting that he accrued a total of 22.7 hours and his paralegals accrued 11.1 hours in representation of Plaintiffs in this case. Doc. No50-2. At hourly rates of $300 per hour for experienced FLSA partner level work and $95 to $105 for paralegal work, total fees incurred amounted to $7,912. Costs were $350 for the filing fee; thus, counsel compromise fees and

costs by about 10% in settlement. *See* Doc. No. 50-2. Based on a review of the supporting documentation, and under the circumstances of this case, the amount of time devoted and the hourly rates are not unreasonable.

Settlement in the amounts set forth in the chart above, totaling $29,088.74, to Plaintiffs for unpaid wages and liquidated damages, and $7,195 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 26, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy